LUIS RÍOS, Petitioner and Appellant, *v.* THE PEOPLE OF PUERTO RICO, Respondent and Appellee.

No. 5531. Argued November 7, 1934.—Decided November 30, 1934.

*Buenaventura Esteves* and *José M. Valentín Esteves* for appellant. *R. A. Gómez, Prosecuting Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Section 29 of the Code of Criminal Procedure provides:

"After having heard the charge, if the defendant plead 'not guilty' the justice shall proceed as follows:

. . . . . . . .

"Fourth. The justice of the peace shall then consider the evidence, and within twenty-four hours thereafter render his decision. The trial must be had and a decision rendered in the presence of the defendant. When a decision is in favor of the defendant by

acquitting him of the charge he shall be at once released. Should the decision be that the defendant is guilty said defendant may appeal to the district court within three days.''

The appellant alleged the failure of the Municipal Court of San Sebastián to comply with the cited Section, thus losing jurisdiction. To test the question of jurisdiction and for other purposes a petition for a writ of Habeas Corpus was presented to the District Court of Aguadilla which, after the issuance of the writ and a hearing, overruled the petition.

██ The defendant was accused of bearing a prohibited weapon. The defense was solely that the weapon was being carried on the farm of his employer. At the trial in the Municipal Court the defendant in proof of this contention offered to bring in a deed to show the title of his employer. The court left the case open to permit him to do so, and the deed was in fact presented the day after permission given. Upon receiving the deed on the 24th of January, 1934, the court thought it necessary to take a view of the premises. The view was taken on the 2nd of February, 1934, without notice to the defendant and without his presence. Then the court set the case again to give judgment on the 6th of February, 1934, and rendered judgment on that day.

We think the Municipal Court lost jurisdiction. If the court had re-set the case for further hearing some doubts, suggested by the Fiscal, might arise. The action of the court, however, in setting the case only for rendering judgment therein showed that the judge considered that the trial was over and the case finally submitted.

We shall not stress the point that a view legally or generally on discretion should take place with the defendant present. If the court privately inspected the premises within the time limit it is possible that no prejudice would arise.

Here we see that the case was fully under advisement on the 24th of January, 1934. The view taken on the 2nd of February was too late, and the judgment of the 6th of Feb-

ruary was rendered without jurisdiction. It matters not that the original delay took place at the instance of the defendant.

█ In general, when a continuance is taken it should be noted even in a court not of record.

█ Section 29 of the Code of Criminal Procedure is imperative. *People* v. *Acosta,* 40 P.R.R. 451. We find nothing to the contrary in *People* v. *Rodríguez Alberty,* 39 P.R.R. 542.

The order of the District Court of February 13th, 1934, should be reversed and the appellant discharged.